OPINION
{¶ 1} Plaintiff, Ronald W. Cowburn, appeals from a summary judgment for Defendant, American States Insurance Company ("American States"), on Cowburn's claim asking the trial court to declare that he is entitled to uninsured/underinsured motorists (UM/UIM) coverage under a policy of liability insurance that American States issued to Cowburn's employer, Orbit Sheet Metal Company.
 {¶ 2} Cowburn's claim against American States is predicated on the rule of Scott-Ponzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. The trial court, applying the rule this court announced in several cases, granted summary judgment for American States on its motion because Cowburn, when he settled with the tortfeasor, failed to comply with consent to settle requirements which American States' policy imposes as a condition of coverage.
 {¶ 3} On appeal, Cowburn argues that the trial court erred when it granted summary judgment on those grounds because, per Ferrando v.Auto-Owners Mutual Insurance Company, 98 Ohio St.3d 186, 2002-Ohio-7217, his failure to give notice creates only a presumption of prejudice, one which he is entitled to rebut before the UM/UIM coverage he seeks is denied on that account. Ferrando was decided subsequent to the summary judgment the trial court granted on American State's motion.
 {¶ 4} American States urges us to follow the rule of Bogan v.Progressive Ins. Co. (1988), 36 Ohio St.3d 22, which made compliance with notice of settlement provisions an absolute requirement of coverage. A reading of Ferrando reveals that it overruled Bogan, in part, to hold that the resulting prejudice to the insurer is only presumed, and that a claimant is entitled to rebut the presumption.
 {¶ 5} Summary judgment may be granted only if no genuine issue of material fact remains for determination and the movant is entitled to judgment as a matter of law. Civ.R. 56(C). We review appeals from summary judgments de novo on the issues of law involved. Navilar v. Osborn
(1998), 127 Ohio App.3d 1.
 {¶ 6} We find that, on this record, and per Ferrando, a genuine issue of material fact remains for determination: whether Cowburn's failure to provide notice of settlement so prejudiced American States that it is entitled to judgment on Cowburn's claim for relief. Therefore, Cowburn's assignment of error is sustained, and the case will be remanded to the trial court for further proceedings in the action.
WOLFF, J. and YOUNG, J., concur.